In the Matter of the Estate of WILLIAM L. DOUGHTY, Deceased.

Surrogate's Court, New York County, May 7, 1925.

**Executors and administrators — application for administration upon estate of absentee — facts supporting presumption of death or removing reasonable probability of absentee being alive not shown — issuance of letters denied.**

Petitioner, cousin of an absentee, upon whose estate said petitioner has applied for letters of administration, is not entitled to said letters in the absence of facts supporting a presumption of the death of said absentee or removing the reasonable probability that he is alive. The failure of said absentee to communicate with petitioner, no prior custom of communication being shown, does not warrant a presumption of death.

APPLICATION for letters of administration upon estate of absentee.

*Nelson H. Tunnicliff,* for the petitioner.

FOLEY, S.:

The petitioner is a cousin, and the only other next of kin mentioned in the application are cousins. The estate is substantial in amount. The absentee's age is not disclosed. He was probably young at the time of disappearance for he was discharged from the United States Navy at Mare Island, Cal., on May 13, 1901. In the records of the Navy Department he was also known as Lawrence Lee. Since the date of his discharge from the navy no trace of him has been found by the petitioner through the efforts made by him, nor has any communication been received by him. The failure of the absentee to communicate with the petitioner, a cousin, does not warrant a presumption of death. No prior custom of communication is shown, nor is the relationship between the parties close enough to justify an inference of death from the absence of communication. The estate upon which the petitioner seeks administration is the absentee's distributive share in his mother's estate, the existence of which the absentee may still be ignorant. The evidence submitted in regard to the different searches and inquiries made in California and New York is not convincing upon this application for the reason that after the absentee's discharge from the navy he might have taken up his residence elsewhere under another assumed name. The petitioner's suggestion that the absentee might have perished in the San Francisco earthquake has no evidence to support it and is purely conjectural. The facts disclosed do not support the presumption of death or remove the reasonable probability of the absentee being alive. (*Butler* v. *Mutual Life Ins. Co. of N. Y.,* 225 N. Y. 197; *Cerf* v. *Diener,* 210 id. 156; *Matter of Wagener,* 143 App. Div. 286; *Scott* v. *McNeal,* 154 U. S. 34; *Matter of Haller,* N. Y. L. J. Feb. 20, 1925.)

Application for letters of administration denied.